# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-13-00782-CV

### In re Asplundh Tree Expert Co.

---

### ORIGINAL PROCEEDING FROM BASTROP COUNTY

---

## M E M O R A N D U M   O P I N I O N

Relator Asplundh Tree Expert Co. has filed a petition for writ of mandamus related to a lawsuit arising out of the 2011 fires in Bastrop County in which the real parties in interest contend, among other things, that Asplundh bears at least some responsibility for the fires and breached its contract with real party in interest Bluebonnet Electric Cooperative. Asplundh argues that the trial court erred in denying its motion to quash and allowing the real parties in interest to take apex depositions of George Graham, Asplundh's president, and Dennis Stapola, Asplundh's vice-president and director of risk management, both of whom are based out of Asplundh's home office in Pennsylvania. Because the real parties in interest did not satisfy their burden of showing the necessity for the apex depositions, the trial court abused its discretion in denying Asplundh's motion to quash. We conditionally grant mandamus relief. *See* Tex. R. App. P. 52.8.

A party seeking to conduct an apex deposition must show that the official has unique or superior knowledge of discoverable information.[1] *In re Alcatel USA, Inc.*, 11 S.W.3d 173, 175-76

---

[1] It is apparent from the record that the parties and the trial court agreed that the rules governing apex depositions apply to Graham and Stapola, given their places in Asplundh's corporate hierarchy. We will assume likewise for purposes of this mandamus proceeding.

(Tex. 2000). If there is no showing of unique or superior personal knowledge, the party must show that it made a good faith effort to obtain the discovery through less intrusive means, that the deposition will likely lead to admissible evidence, and that less intrusive means of discovery are unsatisfactory, insufficient, or inadequate. *Id*.

The real parties in interest have not shown that Graham or Stapola have unique or superior knowledge of discoverable, relevant information because it appears from the record that their involvement in the underlying facts arose solely after the fires occurred. In an email from Stapola to Thomas Ellis, the chief engineer of real party in interest Bluebonnet Electric Cooperative, Stapola states that Asplundh would have an arborist inspect the tree limb that is suspected to have started the fire and then says "we" would like to come to Ellis's office to discuss "the recent fires and Asplundh's work with Blue Bonnet pre and post the fires." The real parties in interest argue that this email shows that Stapola has relevant, pre-fire knowledge. However, they have not shown that Stapola was actually present at the meeting or whether "we" simply refers to Asplundh and Bluebonnet employees in general. Further, there is no indication that the information produced at the meeting would somehow be solely within Stapola's personal knowledge, nor have the real parties in interest shown that they attempted to discover the information through less intrusive means, such as seeking reports from or the deposition of the arborist or other Asplundh employees, or that less intrusive discovery would be unsatisfactory, insufficient, or inadequate. *See id*. The real parties in interest have failed to demonstrate on the whole that the depositions of Graham or Stapola would potentially yield discoverable information or that they have sought such information through less intrusive means that have proved inadequate. *See id.*

We therefore hold that the trial court erred in denying Asplundh's motion to quash the apex depositions and conditionally grant relief. Writ will issue only in the unlikely event that the trial court does not act in accordance with this opinion.

_____

David Puryear, Justice

Before Justices Puryear, Goodwin, and Field
  Concurring Opinion by Justice Field

Filed:  February 5, 2014

3